NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRUCE DANSER,

    Plaintiff,

v.

RALPH WOODWARD, M.D., et al.,

    Defendants.

Civil Action No. 14-4456 (FSH)

MEMORANDUM OPINION

**APPEARANCES**:

> Bruce Danser
> NO.234329/000525823A
> Northern State Prison
> 168 Frontage Road
> Newark, NJ 07114
> Plaintiff Pro Se
>
> Adam Robert Gibbons
> State of New Jersey
> Office of the Attorney General
> 25 Market Street
> Trenton, NJ 08724
> Attorney for Defendants Louis Colella, D.M.D. and Ralph Woodward, M.D.

**HOCHBERG, District Judge**:

1. This matter is before the Court on Plaintiff's filing of a civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff has paid the filing and administrative fees. As set forth below, the Complaint will be dismissed.

---

[1] A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

2. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. Plaintiff at all times relevant to the claims was an inmate at Northern State Prison in Newark, New Jersey. Compl., ¶ 3. Plaintiff states that an MRI of his lumbar spine was conducted at St. Francis Medical Center on March 28, 2007.[2] *Id.*, ¶ 11. Plaintiff asserts that he "did not receive adequate medical treatment for the findings" of the MRI. *Id.*, ¶ 12. Plaintiff states that in March of 2011 his pain medication prescription was reduced. *Id.*, ¶ 13. On June 20, 2011 Plaintiff a second MRI of the lumbar spine was taken. *Id.*, ¶ 14. Plaintiff again states that he did not receive "adequate medical treatment." *Id.*, ¶ 15. Plaintiff states that between 2005 and 2014 all of his upper teeth were extracted. *Id.*, ¶ 21. He states that as a result of the extractions, he cannot chew food properly which causes stomach and gum pain. *Id.*, ¶ 22. Plaintiff asserts that Defendants were deliberately indifferent to his medical needs and seeks relief in the form of compensatory and punitive damages.

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

[2] The Court notes that certain of Plaintiff's claims appear to be barred by the statute of limitations. The applicable statute of limitations for Plaintiff's § 1983 claims is two years. *See Vickers v. Childs*, 530 F. App'x 104, 105 (3d Cir. 2013) (per curiam) (stating that a § 1983 claim is governed by the applicable state's personal injury statute of limitations and New Jersey has a two year statute of limitations for such claims) (citations omitted). However, to the extent that certain medical claims are ongoing, the Court will assess the claims further without making a determination as to whether the claims may in fact be time-barred.

3. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity.  The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

4. Since Plaintiff has paid the filing fee, the Complaint will be screened pursuant to 28 U.S.C. § 1915A.

5. To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.  *Id.* at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("[A] complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.") (emphasis supplied).  The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*.  *See generally Erickson v. Pardus*, 551 U.S. 89 (2007).

6. Plaintiff has failed state a claim upon which relief may be granted because he has not alleged any facts to demonstrate that any defendants were deliberately indifferent to his medical needs.

7. The Eighth Amendment proscription against cruel and unusual punishment is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). To set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege facts demonstrating: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

8. To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Serious medical needs include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988), cited in *Brown v. Rozum*, 453 F.App'x 127, 128 (3d Cir. 2011).

9. The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. Deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate

4

indifference.  *Andrews v. Camden County*, 95 F.Supp.2d 217, 228 (D.N.J. 2000); *Peterson v. Davis*, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, mere disagreements over medical judgment do not state Eighth Amendment claims.  *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

10. Here, the factual allegations in the Complaint fail to state a claim because Plaintiff has not shown deliberate indifference to his medical needs.   Plaintiff has not set forth any facts related to his medical treatment subsequent to either MRI to show that any defendant's actions gave rise to a constitutional violation stemming from the medical care provided to Plaintiff.  Plaintiff provided no facts to show that any defendant's state of mind was equivalent to "reckless disregard of a known risk of harm."  *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).

11. Accordingly, this action is dismissed for failure to state a cognizable claim for relief under § 1983.Thus, for the reasons set forth above, Plaintiff's complaint will be dismissed.   An appropriate order follows.

          s/ Faith S. Hochberg
          **FAITH S. HOCHBERG, U.S.D.J.**

DATED:   October 17, 2014